NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-109

SIDNEY STAGG

VERSUS

CEQUEL III COMMUNICATIONS, LLC
D/B/A SUDDENLINK COMMUNICATIONS VI,
TROY PRIMEAUX, AND LIBERTY MUTUAL
FIRE INSURANCE COMPANY

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 13-3963
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Judges Sylvia R. Cooks, Marc T. Amy, and Shannon J. Gremillion.

APPEAL DISMISSED.

Sidney Stagg, Pro Se
710 Iris Street
Lake Charles, LA 70601
PLAINTIFF/APPELLANT/RESPONDENT:
    Sidney Stagg

**Christian B. Bogart**
**Nicole M. Boyer**
**Duplass, Zwain, Bourgeois Pfister & Weinstock**
**3838 N. Causeway Blvd., Suite 2900**
**Metairie, LA 70002**
**COUNSEL FOR DEFENDANTS/APPELLEES/APPLICANTS:**
    **Cequel III Communications, LLC d/b/a Suddenlink**
    **Communications VI, Troy Primeaux, and Liberty**
    **Mutual Fire Insurance Company**

**COOKS, Judge.**

Defendants, Cequel III Communications, LLC, d/b/a Suddenlink Communications VI (Suddenlink), Troy Primeaux (Primeaux), and Liberty Mutual Fire Insurance Company (Liberty Mutual), filed a motion to dismiss the unlodged appeal of Pro Se Plaintiff, Sidney Stagg (Stagg), as untimely. For the reasons that follow, we hereby dismiss the appeal.

On or about August 28, 2013, Plaintiff filed suit against Defendants alleging that he was injured when he was walking in a parking lot and was hit by a vehicle driven by Primeaux in the course and scope of his employment with Suddenlink. Defendants filed a motion for summary judgment on the ground that Plaintiff could not prove that any alleged acts or omissions by Defendants breached the requisite standard of care or were the cause-in-fact of any alleged injuries. Specifically, Defendants produced evidence that the vehicle did not hit Plaintiff.

Following a hearing, the trial court granted Defendants' motion for summary judgment and dismissed Plaintiff's claims with prejudice. Judgment was signed on June 26, 2014, and notice of judgment was also issued on June 26, 2014. On December 5, 2014, the trial court signed an order granting Plaintiff an "out of time appeal." On February 6, 2015, Defendants filed the instant motion to dismiss unlodged appeal alleging that the appeal was untimely. Plaintiff has not filed an opposition to the motion.

Louisiana Code of Civil Procedure Article 2087(A)(1) provides that a devolutive appeal may be taken within sixty days of "[t]he expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely." Louisiana Code of Civil Procedure Article 1974 provides that the delay for seeking a new trial is "seven days, exclusive of legal holidays[,]" which begins to run "the

day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."

In the instant case, the judgment was signed and notice of judgment was mailed on June 26, 2014. The delay for seeking a new trial expired July 8, 2014. The delay for filing a motion for devolutive appeal expired on September 8, 2014. The "appeal request" is handwritten and undated but is stamped by the clerk's office as filed on January 5, 2015. This court notes that the "appeal request" had to be received by the court prior to January 5, 2015, insofar as the order of appeal is dated December 5, 2014. The order of appeal indicates that the "appeal request" was untimely filed as it states that it is granting an "out of time" appeal.

In *Seaman v. Seaman*, 10-1295, p. 6 (La.App. 3 Cir. 12/15/10), 54 So.3d 756, 760 (citation omitted), this court noted:

> While this court is not unmindful of the possible disadvantages facing a non-attorney attempting self-representation . . . the jurisprudence is clear that even if the parties to the action do not oppose the untimely appeal, neither the trial court nor the appellate court has the authority to extend the delays for seeking an appeal since the timeliness of an appeal is a jurisdictional issue. . . . Accordingly, we cannot extend the delay that the plaintiff had to perfect her appeal in this matter.

Since we find that Plaintiff did not file an appeal within the delay set forth in La.Code Civ.P. art. 2087(A)(1), this appeal must be dismissed as untimely. We hereby dismiss the appeal at Plaintiff's cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.